| | |
|---|---|
| Perry R. Clark<br>California Bar No. 197101<br>LAW OFFICES OF PERRY R. CLARK<br>825 San Antonio Road<br>Palo Alto, CA 94303<br>Tel: (650) 248-5817<br>Fax: (650) 618-8533<br>perry@perryclarklaw.com<br><br>Gregory M. Hess (*pro hac vice*)<br>PARR BROWN GEE<br>& LOVELESS, PC<br>185 South State Street, Suite 800<br>Salt Lake City, Utah 84111<br>Telephone: (801) 532-7840<br>Facsimile: (801) 532-7750<br>Email: ghess@parrbrown.com<br><br>Attorneys for Plaintiff<br>**ICON HEALTH & FITNESS, INC.** | Eric Ball<br>California Bar No. 241327<br>eball@fenwick.com<br>William L. Pierog<br>California Bar No. 288431<br>wpierog@fenwick.com<br>FENWICK & WEST LLP<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA 94041<br>Telephone: (650) 988-8500<br>Facsimile: (650) 938-5200<br><br>Attorneys for Defendant<br>**IHEALTH LABS INC.** |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| **ICON HEALTH & FITNESS, INC.,**<br>     a Delaware corporation,<br><br>     **Plaintiff**<br>     v.<br><br>**IHEALTH LAB INC.,**<br>     a California corporation<br><br>     **Defendant.** | **CASE NO. 16-CV-00231 EJD (NMC)**<br><br>**INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: July 21, 2016<br>Time: 10:00 a.m. |

INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 16-CV-00231 EJD (NMC)

1

Pursuant to Civil L.R. 16-9 and this court's Standing Orders, the parties hereby submit the following Initial Joint Case Management Conference Statement in advance of the July 21, 2016 Initial Case Management Conference in this action.

## 1. JURISDICTION AND SERVICE

This court possesses subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338(a) and (b), and 1367.  No issues regarding personal jurisdiction or venue currently exist.  No parties remain to be served.

## 2. FACTS

*Plaintiff's Statement:*

This is an action for trademark infringement, dilution, and unfair competition arising from Defendant's unauthorized use of the mark "IFITNESS", in violation of Plaintiff ICON Health and Fitness, Inc.'s rights in its registered trademarks I FIT® and IFIT.COM®.

ICON is one of the leading health and fitness equipment manufacturers and suppliers in the world.  Since at least as early as 1999, ICON has developed and continuously used the marks "I FIT" and "IFIT.COM" (collectively, the "IFIT Marks") in interstate commerce throughout the United States and throughout the world, on or in connection with various goods and services, including a website and corresponding fitness equipment and accessories through which users can set fitness goals, download and perform workouts, upload and track training and nutritional information, obtain personal training and fitness advice, and share workouts and other fitness information through an online community.

For example, an IFIT user can access and use the IFIT website at www.ifit.com.  The IFIT system allows a user to download workouts and other information to a user's exercise equipment (e.g., treadmill, exercise bike, incline trainer) and/or upload training information, exercise results, and other information from the user's exercise equipment to the website.  A user's uploaded information can be accessed and reviewed by a personal trainer, who can provide encouragement and training advice.  In addition, a user may share his/her training and exercise information with additional users (e.g., friends and family) by way of a social network.

ICON is the owner of United States standard character trademark registrations for the IFIT Marks. Since before the date of registration of the IFIT Marks, the IFIT Marks have been continuously used in interstate commerce. Since the issuance of the registration of the IFIT Marks, notice has been given to the public that the IFIT Marks are registered trademarks by affixing notice provided in 15 U.S.C. § 1111.

Further, since ICON's first use of the IFIT Marks, ICON has made a substantial investment in marketing and promoting its goods and services under its IFIT Marks. ICON has used, advertised, promoted, and offered for sale goods and services in association with its IFIT Marks, such that ICON's customers and the general public have come to know and recognize the IFIT Marks and the public associates these marks with ICON and/or its goods and services. ICON's IFIT Marks also are distinctive and serve as a unique designation of origin with respect to the goods and services offered by ICON and ICON has acquired substantial goodwill in the IFIT Marks. In addition to the inherent distinctiveness of the IFIT Marks, ICON's IFIT Marks have acquired secondary meaning to the public indicating ICON as the source of goods and services bearing the IFIT Marks.

The IFIT Marks also are widely recognized by the general consuming public of the United States as a designation of the source of the goods and services provided by ICON. Thus, the IFIT Marks are famous within the meaning of 15 U.S.C. § 1125(c)(2).

This is not the first litigation between the parties. ICON previously filed an action against Defendant for trademark infringement and dilution in the Northern District of California, Case No. 13-CV-2413-JSW (the "Prior Lawsuit"). The Prior Lawsuit related to Defendant's alleged use of the trademark "IFITNESS" and two trademark registrations that Defendant had previously obtained for the IFITNESS mark in the United States—U.S. Registration Nos. 4,255,495 and 4,358,611 (the "Prior Registrations").

Defendant claimed in the Prior Lawsuit that it had not done any marketing, promotion, distribution, or sale of goods or services under the IFITNESS mark in the United States. The parties later mutually stipulated to the dismissal of the Prior Lawsuit without prejudice.

Following the dismissal of the Prior Lawsuit without prejudice, Defendant submitted requests for cancellation of the Prior Registrations, and those registrations were cancelled.

Since the dismissal without prejudice of the Prior Lawsuit, Defendant has obtained two new registrations of the mark "IFITNESS" on the United States Principal Register for various goods and services (the "New IFITNESS Registrations"). As part of the application process for the New IFITNESS Registrations, Defendant submitted statements of use supported by specimens showing the IFITINESS mark in use on Defendant's website and on a heart rate monitor.

Defendant is infringing on ICON's exclusive rights in trademark to the IFIT Marks by using the mark "IFITNESS" in connection with goods and services that are related, and in some ways identical, to the goods and services provided by ICON using its IFIT Marks. Defendant's use of the IFITNESS mark includes use with a product and use to obtain U.S. Trademark Registrations.

The IFITNESS mark is confusingly similar to the IFIT Marks owned by ICON. For example, Defendant's mark is confusingly similar in sound, spelling, and appearance to the IFIT Marks. Indeed, Defendant's mark wholly incorporates the IFIT Marks, while merely expanding the "fit" word portion of the IFIT Marks to become "fitness." Defendant's mark is likewise similar to the IFIT Marks in connotation. As a result, the IFITNESS mark and Defendant's associated goods and services so nearly resemble ICON's IFIT Marks and the goods and services with which they are used as to be likely to be confused therewith and mistaken therefor and to confuse, mislead, and deceive the consuming public as to the source or origin of Defendant's goods and services, to cause confusion or mistake as to the origin, sponsorship or approval of Defendant's goods and services and/or commercial activities, and/or to cause confusion or mistake as to the affiliation, connection, or association of Defendant and ICON.

ICON objects to iHealth's inclusion, in its section below, of inaccurate details regarding the parties' confidential settlement negotiations in this case. In particular, ICON objects to

INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 16-CV-00231 EJD (NMC)

iHealth's assertion that "iHealth has provided ICON a signed injunction and settlement agreement that ICON substantially drafted." Without going into detail, and while it is true that ICON provided the initial draft of the injunction and settlement agreement, the version "signed" by iHealth was materially altered by iHealth before it was signed. And in any event, ICON understood that its settlement discussions with iHealth were confidential and that issues raised by the parties in those negotiations would not be included in public filings with the Court.

*Defendant's Statement*

iHealth has provided ICON a signed injunction and settlement agreement that ICON substantially drafted. This agreement would fully resolve the U.S. proceedings, including any issues regarding the use of the IFITNESS marks and cancellation of the IFITNESS registrations. iHealth has also already ceased use of the IFITNESS marks and is ready to cancel its IFITNESS registrations once ICON countersigns the settlement agreement. iHealth has not received a response to the signed settlement agreement and injunction.

If ICON intends to pursue its claims, iHealth denies ICON's allegations. First, iHealth filed for the IFITNESS registrations numbered 4,836,989 and 4,863,427 on September 11 and 24, 2011 – twenty months before the parties' prior litigation. ICON was well aware of these applications during the prior litigation and in the years since. And yet, ICON did not require IFITNESS to withdraw those applications as part of the prior settlement. Nor did ICON oppose the registration of the IFITNESS trademarks in the applications. Instead, only after iHealth invested the time and resources in receiving its registration did iHealth file this litigation seeking cancellations of iHealth's Trademark Registration Nos. 4,836,989 and 4,863,427 for the IFITNESS marks.

Second, an appreciable number of reasonably prudent consumers are not likely to be confused about the source of the iHealth's products and services, in part, because of the weak nature of ICON's alleged mark and the differences in the parties' use and marketing of their respective marks. For starters, FIT-based marks are weak in the consumer space of fitness-related products. A search of the U.S. Patent and Trademark Office records and the Internet for

INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 16-CV-00231 EJD (NMC)

the mark FIT shows hundreds of other FIT-based marks used with a variety of products and services, including health and fitness goods and services. And iHealth's products relate to medical testing rather than exercise equipment such as ICON's claimed treadmills

Third, the Ninth Circuit and this district has emphasized that dilution claims are reserved for household names and that establishing fame is a rigorous, difficult and demanding requirement. The IFIT mark is far from a household name.

Finally, in September 2013, ICON filed a response to an office action with the U.S. Patent and Trademark Office claiming that its application for an IFIT mark was not likely to cause confusion with a third party IFIT mark. The third party had registered its IFIT mark for computer software in the medical testing field. ICON argued that its "software that aids in personalizing fitness and nutrition regimes" would not be confused with this software because of "the specialized and disparate nature of the software services," because the services "are not competitive," and because differences in the websites revealed "very different market channels." Since ICON is willing to let third party IFIT marks coexist with its alleged IFIT marks, its marks are unlikely to be famous. And since ICON concedes that its alleged IFIT marks are not confusing with third party IFIT marks used with medical testing, then ICON's alleged IFIT marks should not be confusing with iHealth's IFITNESS marks used with medical testing.

iHealth also does not believe ICON has or will obtain any evidence supporting a theory of damages based on any iHealth's use of the IFITNESS mark. iHealth has never sold a product or service under the IFITNESS mark; accordingly there are no revenues or profits associated with the use of the IFITNESS mark. Additionally, since iHealth has not sold a product or service under the IFITNESS mark, ICON cannot attribute any lost sales to iHealth's marketing efforts. And, iHealth only marketed its registered IFITNESS products and services for a few months, making any impact on ICON's alleged IFIT brand very unlikely. Without any claim for damages, ICON does not have any further remedy to pursue in this lawsuit not already available under the signed injunction and settlement agreement.

INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 16-CV-00231 EJD (NMC)

iHealth objects to ICON's characterization of the signed injunction and settlement agreement as "materially altered" by iHealth. iHealth signed the injunction ICON drafted without alteration. At the end of a series of edits by both parties, iHealth signed the settlement agreement after limiting the scope of the agreement to the Court's jurisdiction. iHealth notes that ICON alleges that iHealth has disclosed confidential settlement negotiations, while forcing iHealth to respond in this paragraph to ICON's mischaracterizations of the settlement negotiations.

**3.    Legal Issues**

The legal issues in this action relate to ICON's causes of action for (1) federal trademark infringement in violation of 15 U.S.C. §§ 1114(1), 1116, and 1117; (2) false designation of origin in violation of 15 U.S.C. §§ 1116, 1117, and 1125(a); (3) unfair competition pursuant to 15 U.S.C. § 1125(a)(1)(A); (4) dilution pursuant to 15 U.S.C. § 1125(c); (5) cancellation of Defendant's New IFITNESS Registrations pursuant to 15 U.S.C. § 1119; (6) trademark infringement under California law and/or the common law; (7) trademark dilution under California Business & Professions Code, § 14247 and/or the common law; (8) unfair competition and practices in violation of California Business & Professions Code, § 17200 and/or the common law; (9) unjust enrichment; and (10) constructive trust.

iHealth denies ICON's allegations, and specifically denies that ICON has been damaged. iHealth has also plead the affirmative defenses of (1) failure to state a claim, (2) laches, (3) trademark misuse, (4) insufficient notice of registration, (5) acquiesce and estoppel, (6) non-infringement, (7) non-dilution, (8) lawful use, (9) failure to mitigate, (10) non-ownership of the Marks for the purposes asserted, (11) lack of causation of damages, and (12) non-incontestability.

**4.    MOTIONS**

There are no pending motions. If ICON maintains its claims, iHealth anticipates moving for summary judgment as to some or all issues in dispute, but it is premature to identify such issues at this time.

INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 16-CV-00231 EJD (NMC)

7

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## 5. AMENDMENT OF PLEADINGS

The parties do not anticipate any amendment to the pleadings. The parties reserve their right to amend their pleadings as discovery progresses. The parties propose a deadline of September 14, 2016 to amend their pleadings without leave of Court.

## 6. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action per the ESI Guidelines 2.01 and 2.02 and Checklist for ESI Meet and Confer. The parties have also met and conferred on the issue.

## 7. DISCLOSURES

The parties have stipulated that the deadline for compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 is July 18, 2016. iHealth expects that ICON will comply with its initial disclosure obligations and provide computations for each category of damages and any documents supporting these computations as required by Fed. R. Civ. P. 26(a)(1)(A)(iii).

## 8. DISCOVERY

The parties do not propose any changes to the presumptive limits on discovery in the Federal Rules of Civil Procedure. ICON has propounded and iHealth has responded to one set of interrogatories and requests for production. iHealth has not propounded any interrogatories or requests for production as it has provided ICON a signed injunction and settlement agreement. The parties anticipate that a protective order will be necessary to govern the exchange of confidential information in this action and will meet and confer regarding submission of an appropriate stipulated protective order. There are currently no discovery disputes.

## 9. CLASS ACTION

This is not a class action.

## 10. RELATED CASES

There are no known related cases.

## 11. RELIEF SOUGHT

*Plaintiff's Statement*

Plaintiff ICON seeks judgment against Defendant (1) preliminarily and permanently enjoining Defendant and all other persons participating or acting in concert with it, from infringing or diluting any of ICON's trademarks, including but not limited to Registered Trademark Nos. 2,618,509; 2,466,474; 4,450,213; 4,500,591; and 4,604,633; (2) preliminarily and permanently enjoining Defendant and all other persons participating or acting in concert with it from engaging in unfair competition, false designation of origin, and/or unfair or deceptive trade practices; (3) awarding ICON its actual damages, requiring Defendant to account for and pay to ICON all of Defendant's illegitimate profits, and awarding ICON any additional damages that the Court deems just and equitable under the circumstances of the case; (4) awarding ICON, at its election, either treble or statutory damages in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117, on all claims asserted under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (5) awarding ICON, at its election, either treble or statutory damages in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117, on all claims asserted under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (6) awarding ICON prejudgment interest at the rate established under 26 U.S.C. § 6621(a)(2) from the date of service of the Complaint through the date of judgment; (7) cancellation of Defendant's Registrations Nos. 4,836,989 and 4,863,427 pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119; (8) imposing a constructive trust on all tangible real and/or personal property and assets that Defendant obtained as a result of the wrongful acts alleged herein; (9) awarding ICON prejudgment interest as otherwise allowed by law; (10) awarding ICON its allowable costs and reasonable attorneys' fees; and (11) awarding ICON such other and/or further relief as is just and equitable.

Without going into detail, ICON disputes iHealth's apparent assertion below that there is a "stipulated injunction" or "settlement agreement" for the Court to "enter" or "approve" at this time.

*Defendant's Statement*

iHealth requests that the Court enter the parties' stipulated injunction and approve the settlement agreement. Alternatively, iHealth requests that the Court enter an Order:

(1) Dismissing ICON's Complaint in its entirety and entering judgment for iHealth and against ICON;

(2) Finding that ICON take nothing by its Complaint;

(3) Granting iHealth costs of suit, including reasonable attorneys' fees; and

(4) Granting other and further relief as this Court may deem just and proper.

**12. SETTLEMENT AND ADR**

The parties have stipulated to court-sponsored mediation and have had an initial telephone conference with the mediator, Michael Sobel, on April 13, 2016. The parties postponed mediation in light of productive settlement discussions and plan to approach the mediator to schedule a mediation session if those efforts fail. The parties have complied with ADR L.R. 3-5, filing a stipulation to select mediation as the ADR process. [Dkt. 17].

iHealth requests a 90-day stay of the proceedings and the setting of a new October 12, 2016 deadline for mediation so that ICON can respond to iHealth's offered stipulation and release of claims.

**13. CONSENT TO A MAGISTRATE JUDGE FOR ALL PURPOSES**

ICON declined to consent to a magistrate judge for all purposes.

**14. OTHER REFERENCES**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

The parties are not currently aware of any issues that can be narrowed by agreement or

INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 16-CV-00231 EJD (NMC)

by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. However, given iHealth's agreement to an injunction, iHealth believes that the Court's early evaluation of ICON's claimed damages, or lack thereof, would be beneficial to an expedient resolution of the case.

**16.    EXPEDITED TRIAL PROCEDURE**

The parties do not believe this is a case that is suitable for the expedited trial procedure under the Expedited Trial Procedure of General Order No. 64.

**17.    SCHEDULING**

The parties have set forth a proposed schedule in Attachment A. As stated in section 12 (Settlement and ADR), iHealth requests a temporary 90-day stay of the proceedings so that ICON can respond to iHealth's signed injunction and settlement agreement.

**18.    TRIAL**

The parties anticipate a 5 day jury trial.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

ICON has filed its "Certification of Interested Entities or Persons" pursuant to Civil Local Rule 3-15, [Dkt. 7]. Pursuant to Civil L.R. 3-15, iHealth filed its "Certificate of Interested Entities or Persons" on February 29, 2016 [Dkt. 14].

**20.    PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    OTHER MATTERS**

The parties consent to service by email pursuant to pursuant to Fed. R. Civ. P. 5(b)(2)(E) and agree that service by email is the same as personal service for calendaring purposes.

INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 16-CV-00231 EJD (NMC)

11

| | | |
|---|---|---|
| Dated: July 14, 2016 | | LAW OFFICES OF PERRY R. CLARK |

By:   */s/ Perry R. Clark*
          Perry R. Clark

Attorneys for Plaintiff
ICON HEALTH & FITNESS, INC.

Dated: July 14, 2016                    FENWICK & WEST LLP

By:   */s/ Eric Ball*
          Eric Ball

Attorneys for Defendant
IHEALTH LABS INC.

INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 16-CV-00231 EJD (NMC)

# ATTACHMENT A

## Joint Proposed Schedule

| EVENT | PROPOSED DEADLINE | PLAINTIFF'S POSITION |
|---|---|---|
| Initial Rule 26(a)(1) disclosures | July 18, 2016 | Agreed. |
| Deadline to add parties or amend pleadings as a matter of right | September 14, 2016 | Agreed. |
| Deadline to produce damages-related evidence | September 14, 2016 | Plaintiff objects to a "deadline to produce damages related evidence" that is earlier than the fact discovery cut-off. |
| Deadline for mediation | October 12, 2016 | Agreed. |
| Fact Discovery Cut-Off | January 13, 2017 | Agreed. |
| Disclosure of Expert Testimony | Disclosure of expert testimony on issues for which party bears burden of proof: January 27, 2017<br><br>Disclosure of rebuttal expert testimony: February 24, 2017<br><br>Expert depositions completed by: April 28, 2017 | Agreed. |
| Deadline for Hearings on Dispositive Motions | July 27, 2017 | June 30, 2017 |
| Deadline to meet and confer regarding preparation of joint pretrial conference statement | August 24, 2017 | Plaintiff proposes to use the deadline provided for in the Court's Standing Orders and the Civil Local Rules. |
| Joint Pretrial Conference Statement due | August 31, 2017 | Plaintiff proposes to use the deadline provided for in the Court's Standing Orders and the Civil Local Rules. |
| Pretrial Conference | September 14, 2017 at 11:00 | August 17, 2017 at 11:00 |

INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 16-CV-00231 EJD (NMC)

|  | am | a.m. |
|---|---|---|
| Trial<br>(Estimated length: 5 days) | October 17, 2017 | September 19, 2017 |

INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 16-CV-00231 EJD (NMC)

**[PROPOSED] CASE MANAGEMENT ORDER**

The foregoing Case Management Statement and Rule 26(f) Report is hereby adopted by the Court as the Case Management Order for the case.  The Court adopts the deadlines in the joint schedule as the schedule in this case.  The Parties are hereby ordered to comply with this Case Management Order.

**IT IS SO ORDERED**

DATED: _____                    _____
                                                                     The Honorable Edward J. Davila
                                                                     United States District Judge

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO.: 16-CV-00231 EJD (NMC)